A creditor in legal contemplation is one who has a judgment, and sued out execution before notice of an unrecorded mortgage, and unless placed in that attitude before notice, cannot successfully attack an unrecorded mortgage.

# Underwood, &c. *vs* Ogden.

### ERROR TO THE WARREN CIRCUIT.

### *Mortgages.   Notice.   Evidence.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

THIS is a bill in chancery filed by Ogden, to foreclose a mortgage made to him by Henry, in New Orleans, to secure certain debts due him, and recorded in the proper counties in Kentucky, but upon the authentication only of the Notary Public. He makes Underwood a party, who asserts claim to the same property, under a subsequent mortgage, made by Henry to him, to secure him in certain liabilities as Henry's surety.

A creditor, in legal contemplation, is one who has recovered judgment. And to entitle a creditor, as such, to take advantage of an unrecorded mortgage, he should show that he had recovered judgment and sued out execution, at least before notice of the unrecorded mortgage, if even any thing less than a levy and sale *before actual notice* of the mortgage would suffice, *in a Court of Equity,* to deprive the mortgagee of his prior equity: *Morton* vs *Roberts, et al.* (4 *Dana,* 250;) *Bank of the United States* vs *Huth,* (4 *B. Monroe,* 423;) *Bailey & Carter* vs *Welch, &c.,* (4 *B. Monroe,* 244.) Underwood has not shown himself to be a creditor, by judgment and execution against Henry, whereby any such lien is created in his favor against the property mortgaged, as will enable him to take advantage of the omission of Ogden to record his mortgage, and especially when the same was not purposely withheld from the record, with a view to cover over and conceal the lien from creditors. The principle of substitution is an equitable principle, which will not be enforced in favor of sureties against the liens of creditors, so far as to overreach or impair the prior equitable rights of third persons. If judgment had been recovered, and execution sued out in favor of a creditor against Henry, before Ogden's bill was filed, which does not satisfacto-

rily and by the best evidence appear, execution was never levied upon the property mortgaged to Ogden, so. as to create any specific lien upon the same, to which Underwood could be substituted had the property remained in the hands of Henry; much less so as to enable him to overreach the equitable prior lien of Ogden, fairly obtained and of which Underwood had full notice. Underwood's claim for debts paid for Henry, is a claim in assumpsit, which has never been reduced to judgment, nor execution, sued out or levied before Ogden's bill was filed and jurisdiction was taken by the Chancellor over the subject and property in contest.

Underwood or his and Henry's creditors never had any specific lien upon the mortgaged property, other than that derived by Underwood's mortgage. As mortgagee he was properly treated, in the Court below, as a purchaser, and as resting his security upon his mortgage. Ogden also occupied the condition of prior purchaser, and though his mortgage was never recorded upon proper authentication, · it was placed upon the records in the proper counties, and Underwood had full notice of its execution before he took his mortgage, and admits notice in his answer, and cannot, therefore, overreach it.

Though the execution of Ogden's mortgage was not proven in the progress of the case, it was not controverted nor its reading objected to on the trial below, and it cannot be excluded here.

Though the interlocutory decree failed to notice the credits on one of the notes, in fixing the amount to be paid, it was perfectly in the power of the Court, at the subsequent term, to correct the error, and it was corrected in the final decree and without prejudice to the defendants, who, had they desired to pay, as allowed by the *nisi order*, might have paid the proper amount, deducting the credit, and upon such payment, at the subsequent term, have procured the correction of the error and avoided the sale of the property.

The preliminary points noticed in the brief of the plaintiffs in error, have been considered and are deemed untenable. As to the error assigned in favor of Hobson

UNDERWOOD, &c.
*vs*
OGDEN.

A junior mortgagee with full notice of a prior mortgage, admitted to record tho' upon insufficient authentication, cannot overreach the prior mortgage, when he is not a judgment creditor, with an execution levied.

A mortgage exhibited in the pleadings, on bill to foreclose, read without objection, not denied below, cannot be excluded here.

and Herdman, it is our opinion that Ogden, by the terms of the mortgage deed, was properly allowed the prefer-ence in the distribution of the fund arising from the mort-gage of Mrs. Henry. And as the whole fund was exhaust-ed in paying his debts, nothing was left to be decreed to Hobson or Herdman, and they have not been prejudiced by the decree rendered. Hobson's cross bill might have been dismissed without prejudice, but if not virtually dis-posed of or dismissed, it is yet pending, and may still be dismissed.

The decree of the Circuit Court is affirmed, with costs.

*W. L. Underwood* for plaintiffs: *Letcher & Tilford* for defendant.